IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CAROLYN LEWIS and KENNETH LEWIS,

    Plaintiffs,

v.                                            Case No. 2:12-cv-04301

ETHICON, INC., et al,

    Defendants.

ORDER GRANTING
INDEPENDENT MEDICAL EXAMINATION

    Pending before the court is Defendant Ethicon, Inc.'s Motion for Rule 35 Independent Medical Examination. (ECF No. 73). Plaintiffs filed a response, (ECF No. 76), and the undersigned conducted a hearing on the motion on October 21, 2013. Having considered the arguments of counsel and the memoranda, the court **GRANTS** the motion.

    In this case, Plaintiffs claim that they suffered injuries secondary to Ms. Lewis's use of a pelvic mesh product designed, manufactured, marketed, and sold by Defendant Ethicon, Inc., ("Ethicon"). Recently, Ms. Lewis underwent surgical removal of the product, which required various medical evaluations and diagnostic studies to be performed, and she also submitted to a limited physical examination completed by an expert witness retained to prove her case against Ethicon. Now Ethicon wishes to arrange its own medical examination by an expert of its choice.

1

Federal Rule of Civil Procedure 35 authorizes the court to order a party "whose mental or physical condition ... is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." The order may only issue on good cause and adequate notice and "must specify the time, place, manner, condition, and scope of the examination, as well as the person or persons who will perform it." Fed.R.Civ.P. 35(a)(2). The law is well-settled that the "in controversy" and "good cause" requirements of the Rule are not mere formalities; rather, they must be met with "an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Schlagenhauf v. Holder,* 379 U.S. 104, 118, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964). Nonetheless, "there are situations where the pleadings alone are sufficient to meet these requirements." *Id.* at 119. One such situation is a tort action in which a plaintiff asserts mental or physical injury, placing "that mental or physical injury clearly in controversy and [providing] the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Id.*

In the present case, the parties agreed prior to the hearing that Ms. Lewis would submit to an independent medical examination to be arranged by Ethicon. Clearly, such an examination is warranted given that Ms. Lewis has placed her urologic condition at issue, and the parties dispute the nature, extent, and cause of her physical complaints. Moreover, Ms. Lewis's recent surgery and examination by a trial expert provide good cause for Ethicon to obtain its own medical opinion on Ms. Lewis's current condition. *See U.S. ex rel. Johnson v. Universal Health Services, Inc.,* No. 1:07-cv-0054, 2011 WL 2784616, at *1 (W.D.Va. July 13, 2011); *Simon v. Bellsouth Advertising and Pub. Corp.,* No. 3:09–CV–177–RJC–DCK, 2010 WL 1418322, at *4

(W.D.N.C. Apr. 1, 2010) (The need to counter plaintiff's expert constitutes good cause for an independent medical examination). In addition, Plaintiffs agree that Dr. Christina Pramudji, the physician designated by Ethicon, is qualified to conduct the independent medical examination, and Plaintiffs are willing to make the three hour journey to her office in Houston. Thus, the remaining issues in dispute involve the scope and circumstances of the examination.

First, Plaintiffs argue that Ms. Lewis should be subjected only to a brief and limited vaginal examination as that was the extent of the examination performed by their expert witness. In addition, Plaintiffs emphasize that Ms. Lewis's treating physician has recently conducted comprehensive testing and diagnostic procedures, the results of which have been provided to Ethicon. In light of these results, Plaintiffs contend that Ethicon has no good cause for requesting an extensive examination and testing.

Ethicon asserts that Dr. Pramudji should be permitted to interview Ms. Lewis and take a history, perform a physical examination including a pelvic and vaginal examination, obtain a urinalysis, and conduct a bladder ultrasound if necessary in Dr. Pramudji's judgment.[1] Ethicon argues that it should not be limited by the scope of the Plaintiffs' expert's examination and should be given an opportunity to collect its own data. The undersigned agrees. The components of the examination outlined by Ethicon are reasonable and customary. Accordingly, Dr. Pramudji is permitted to perform the examination as requested.

---

[1] Ethicon also requested an order allowing Dr. Pramudji to conduct a cystoscopy. However, after concerns were raised regarding the invasiveness of the procedure, Ethicon agreed to withdraw its request. Given that Ms. Lewis recently underwent two cystoscopies performed by her treating physician, and the still photographs taken during those procedures have been provided to Ethicon, another cystoscopy does not appear necessary at this time.

3

Next, Plaintiffs seek an order authorizing them to retain a private nurse to accompany Ms. Lewis and observe Dr. Pramudji's examination. The court denies this request in light of well-established federal law "[rejecting] the notion that a third party should be allowed, even indirectly through a recording device, to observe a Rule 35 examination." *Holland v. United States,* 182 F.R.D. 493, 495 (D.S.C. 1998). The problems associated with a third party observer are numerous, but certainly one major concern is the "infusion of the adversary process into the … examining room." *Tomlin v. Holecek,* 150 F.R.D. 628, 634 (D.Minn. 1993); *See also McKitis v. Defazio,* 187 F.R.D. 225, 228 (D.Md. 1999). Moreover, "an observer [could] potentially distract the examining [physician] and examinee thereby compromising the results of the examination … the presence of an observer would lend a degree of artificiality to the examination that would be inconsistent with the applicable professional standard." *Romano v. II Morrow, Inc.,* 173 F.R.D. 271, 274 (D.Or. 1997) (quoting *Shirsat v. Mutual Pharm. Co.,* 169 F.R.D. 68, 70-71 (E.D.Pa. 1996). The standard prohibiting a third party from attending a Rule 35 examination is only overcome by special circumstances that merit such a deviation. *Baron v. United States,* No. 1:12-cv-00334-DBH, 2013 WL 3197134, at *2 (D.Me. June 21, 2103). Here, Plaintiffs' desire to post a nurse in the examining room during Dr. Pramudji's evaluation appears to stem solely from litigation concerns rather than any unique situation involving Ms. Lewis or Dr. Pramudji. The undersigned does not find such concerns to constitute special circumstances.

Finally, Plaintiffs seek an order requiring Dr. Pramudji to videotape or otherwise record her interview and discussions with Ms. Lewis so that there can be no unnecessary interrogation or disagreements as to the accuracy of statements attributed to Ms. Lewis. For the same reasons that the court refuses to allow Plaintiffs' nurse at

4

the examination, the court also denies this request. Any concerns Plaintiffs' counsel have regarding the interview can be alleviated by discussing the purpose of the interview with Ms. Lewis prior to the examination and through cross-examination of Dr. Pramudji. *Mitchell v. Home Depot USA, Inc.,* No. 3:11-cv-332, 2012 WL 1366599, at *3 (W.D.Ky. Apr. 19, 2012); *Calderon v. Reederei Claus-Peter Offen GmbH & Co.,* 258 F.R.D. 523, 529-30 (S.D.Fla. 2009) (Concern that discrepancies may arise over statements made by plaintiff during the examination is not good cause to videotape the examination).

For the foregoing reasons, the court **GRANTS** Ethicon's Motion for Rule 35 Independent Medical Examination, (ECF No. 73), and **DENIES** Plaintiffs' request for an order allowing a third party to attend the examination and for an order requiring Dr. Pramudji to record her interview of Ms. Lewis.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

**ENTERED:** October 23, 2013

_____
Cheryl A. Eifert
United States Magistrate Judge

5