**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT CHARLESTON**

| | |
|---|---|
| IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Carolyn Lewis, et al. v.*<br>*Johnson & Johnson, et al.*<br>*Case No.: 2:12-cv-04301* | Master File No. 2:12-MD-02327<br>MDL No. 2327<br><br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**MOTION TO EXCLUDE BRUCE ROSENZWEIG, M.D.**

Defendants Ethicon, Inc. and Johnson & Johnson move to exclude the opinions and testimony of Bruce Rosenzweig, M.D., one of Plaintiffs' proposed expert witnesses.  Based upon his report in this case and upon his deposition testimony, Defendants expect that Dr. Rosenzweig will offer the following inadmissible opinions or testimony:

- Design defect opinions that he is not qualified to give under Fed. R. Evid. 702 because he is a surgeon, not a materials scientist.

- Opinions about infection when Mrs. Lewis has no infection.

- Opinions about degradation and particle loss, which he is not qualified to give under Fed. R. Evid. 702, and he cannot testify that these things, if they existed, caused any of Mrs. Lewis' complications.

- Opinions about cancer when Mrs. Lewis does not have cancer and there is no scientific evidence that there is any probability of her developing cancer.

- Opinions about cytotoxicity when he has never conducted any cytotoxicity tests and there is no clinical evidence of cytotoxicity.

- Opinions about warnings in defendants' IFU, promotional literature and brochure when neither the plaintiff nor her physician relied on any such materials.

- Opinions about Ethicon's state of mind and corporate ethics.

- Legal opinions about ultimate issues to be decided by the jury.

- Narrative testimony and material pasted from internet websites, including Wikipedia.

None of these opinions or testimony is admissible and the court should exclude Dr. Rosenzweig as a witness or, in the alternative only, prohibit him from offering any opinion or testimony the court finds not to be admissible.

Defendants incorporate by reference their Memorandum in Support of Motion to Exclude Bruce Rosenzweig M.D. and the following exhibits:

A.  Dr. Rosenzweig's curriculum vitae;

B.  Dr. Rosenzweig's Second Supplemental Report ;

C.  Deposition of Dr. Rosenzweig, taken November 4, 2013;

D.  Deposition of Dr. Philippe Zimmern (excerpts), taken October 18, 2013;

E.  Expert Report of Dr. Daniel J. Sexton;

F.  Expert Report of Dr. Wenxin Zheng;

G.  Plaintiffs' Response to Defendants' Second Set of Requests for Admission;

H.  Expert Report of Dr. Jeffrey Brent;

I.  Klosterhalfen, U. Klinge et al., Meshes: Benefits and Risk; Chap. 24, Foreign-Body Carcinogenesis of Surgical Meshes, 2004;

J.  B Klosterhalfen, U. Klinge et al., Abdominal Wall Hernias; Chap. 29, Carcinogenicity of Implantable Biomaterials, 2011;

K.      B. Michael Ghadimi, *The carcinogenic potential of biomaterials in hernia surgery,* Chirurg, 2002, 73:833-838;

L.      Cytotoxicity Risk Assessment for the TVT Ulmsten Device, Aug. 8, 1997;

M.      Deposition of Dr. Muriel Boreham (excerpts), taken July 12, 2013; and

N.      Deposition of Carolyn Lewis (excerpts) taken June 6, 2013.


Respectfully submitted,

ETHICON, INC. AND
JOHNSON & JOHNSON

*/s/ David B. Thomas*
David B. Thomas (W. Va. Bar No. 3731)
Thomas Combs & Spann, PLLC
300 Summers Street, Suite 1380
P.O. Box 3824
Charleston, WV  23558-3824
(304) 414-1800

*/s/ Christy D. Jones*
Christy D. Jones
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS  39158-6010
(601) 985-4523

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on December 12, 2013, I electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notification of this filing to CM/ECF participants registered to receive service in this MDL.

*/s/ Christy D. Jones*　　　　　　
Christy D. Jones