UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | CIVIL ACTION NO. 2:12-md-02327<br><br>MDL No. 2327<br><br>Judge Joseph R. Goodwin |
| This Document Relates Only to Carolyn Lewis, et al. v. Ethicon, Inc.<br><br>Case No. 2:12-CV-04301 | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S EMERGENCY MOTION FOR LEAVE TO FILE A MOTION *IN LIMINE*[1] TO EXCLUDE EVIDENCE AND ARGUMENT RELATED TO PLAINTIFFS' SPOLIATION ALLEGATIONS**

Ethicon's emergency motion should be denied as improper.  The only "emergency" is one of Ethicon's own making, as it scrambles to secure a blanket exclusion of evidence before trial where the Court has repeatedly expressed a preference for dealing with individual objections as issues present themselves.[2]  Nor is an immediate ruling on Ethicon's motion *in limine* necessary because it may moot the deposition of James Mittenthal, where that deposition is relevant, not only to the trial of this case, but to *all* of the cases pending against Ethicon in which evidence of spoliation or adverse instructions might be deemed appropriate.

---

[1] Although presented as an evidentiary motion, Ethicon's motion *in limine* is simply an inappropriate attempt to revisit (and rewrite) a discovery order.  Magistrate Judge Eifert did not hold that information "*may* have been lost," but that "Ethicon *did* destroy or otherwise lose documents that should have been preserved in anticipation of this litigation." *Compare* Ethicon's Emergency Motion at 1 (emphasis added) with Pretrial Order # 100 at 1 (emphasis added).  And although she determined that Ethicon's conduct was not willful or deliberate, she plainly concluded that "Ethicon's failure to better implement and monitor its litigation holds was negligent, and perhaps grossly negligent in some cases." Pretrial Order # 100 at 31.  Far from concluding that "Plaintiffs have proven no prejudice," furthermore, Magistrate Judge Eifert determined that Plaintiffs carried their initial burden of demonstrating that the lost materials likely contained relevant evidence supporting their claims and that Ethicon did not show otherwise. *Id.* at 33.

[2] *See*, *e.g.*, Mem. Opinion and Order (Motions *in Limine*) [ECF No. 250] at 12 ("individual objections at trial are preferred over blanket exclusions of evidence before trial"); *id.* at 19 (finding that whether evidence of other products should be admitted is an issue "better suited to be handled at trial").

1

Magistrate Judge Eifert specifically recommended that Plaintiffs be permitted to introduce evidence of spoliation at trial *on a case-by-case basis*, and to seek an adverse instruction in specific cases where appropriate.[3]  Notably, her Order does not limit the circumstances under which such testimony or instructions may be appropriate.  The example it gives—of a failure to warn case in which the implanting physician relied on information from a sales representative whose call records were destroyed—is just that: an example.  Ethicon's motion is premature because, at this juncture, neither the parties nor the Court know for certain what testimony will be presented or can predict how specific and relevant spoliated documents or information may be identified.  *See In re: Actos (Pioglitazone) Prods. Liability Litig.*, No. 6:11-md-2299, 2014 U.S. Dist. LEXIS 13307, *141-44 (W.D. La. Jan. 27, 2014), as amended by Exhibit A, Jan. 30, 2014 Amended Mem. Opinion and Order, at 69-70 (reserving until hearing the evidence at trial a determination on the nature or strength of any instruction); *id.* at 74 (finding it "wholly reasonable to allow the jury to hear all evidence and argument establishing and bearing on the good or bad faith of [the defendant]'s conduct and after hearing all such evidence, the instruction to be given the jury in a manner congruent with that evidence.")[4]

Ethicon asks this Court to conclude in advance that no circumstance could arise at trial in which the contents of a disputed custodial file would be relevant.  It argues both that the files of sales representatives or marketing personnel are not relevant to Plaintiffs' design defect and negligent design claims, and that documents related to the design of the TVT product were not

---

[3] Pretrial Order # 100 [ECF No. 1069] at 2, 42-43.

[4] *See also MMG Ins. Co. v. Samsung Elecs. Am., Inc.*, 293 F.R.D. 58, 66 n. 5 (D.N.H. 20013); (denying a motion *in limine* seeking a jury instruction on spoliation without prejudice to the party's ability to request such an instruction "at the appropriate time during trial"); *Zagklara v. Sprague Energy Corp.*, No. 2:10-cv-445-GZS, 2013 U.S. Dist. LEXIS 5660, *2-3 (D. Me. Jan. 15, 2013) ("To the extent that the Motion seeks to exclude mention of any alleged spoliation during closing arguments, the Court agrees with Plaintiff that the Motion is premature.  Likewise, the Court cannot now determine whether it may include any instruction regarding an adverse inference in its final jury instructions.").

lost or destroyed because they were centrally maintained at Ethicon.[5] Not all of the custodians whose documents were lost or destroyed since April 2007 are marketing personnel, however; they include—among others—Renee Selman, the worldwide president of the company from 2005-2010, Ramy Mahmoud, chief medical officer and worldwide president of evidence-based medicine from August 2007 to July 2010, and Susan Landgrebe, a member of Ethicon's research and development team from 2004 to the present, individuals Magistrate Judge Eifert concluded would have possessed relevant documents.[6] The evidence supporting Plaintiffs' claims is furthermore not confined to the design specifications and formal regulatory submissions housed in Ethicon's central files, but includes e-mails, internal memoranda and reports.

Cases that Ethicon cites,[7] furthermore, in which evidence of discovery disputes was excluded as irrelevant, unfairly prejudicial, or unnecessarily confusing under Rules 401 and 403, stand merely for the proposition that evidence of such disputes is not independently relevant and cannot be admitted simply to prejudice the offending party in the jury's eyes.[8] This limitation is already embodied in Magistrate Judge Eifert's Order, which recommends that Plaintiffs be permitted to seek adverse instructions only where a factual basis is established demonstrating that missing evidence from a custodian's file has prejudiced Plaintiffs' case.[9]

Ethicon's emergency motion should be denied as improper or, in the alternative, its motion *in limine* denied as premature. There is no "emergency" requiring the Court to determine now, on the eve of trial, how it will respond to situations more properly addressed as they arise.

---

[5] Ethicon Mot. *In Limine* at 3-4.

[6] Pretrial Order # 100 at 7-10.

[7] Ethicon Mot. *In Limine* at 5-8 (citing cases, none of which involved spoliation).

[8] *See*, *e.g*, *Borden v. Saxon Mortg. Servs.*, No. 08-61851, 2010 U.S. Dist. LEXIS 101821, *5 (S.D. Fla. Sept. 28, 2010) (plaintiffs sought to introduce evidence of discovery disputes because they claimed it was "necessary to show the jury the Defendants' efforts to frustrate their pursuit of justice").

[9] *Id.* at 42.

Dated: February 7, 2014                    Respectfully submitted,


/s/ D. Renee Baggett
D. RENEE BAGGETT
BRYAN F. AYLSTOCK
Aylstock, Witkin, Kreis and Overholtz, PLC
17 E. Main Street, Suite 200
Pensacola, FL 32563
P: 850-202-1010
F: 850-916-7449
Rbaggett@awkolaw.com
Baylstock@awkolaw.com


/s/ Thomas P. Cartmell
THOMAS P. CARTMELL
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
P: 816-701-1102
F: 816-531-2372
tcartmell@wcllp.com
http://www.wagstaffcartmell.com/

*Plaintiffs' Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing memorandum on February 7, 2014, using the Court's CM-ECF filing system, thereby sending of the filing to all counsel of record for this matter. To the extent that any exhibits are confidential, place-holders have been filed electronically, and the exhibits have been e-mailed and/or sent by Federal Express to the Court and to counsel for Defendant Ethicon, Inc.

/s/ D. Renee Baggett